IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ROSARIO CHAVEZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 7:09-CV-108-O |
| | ) | |
| WARDEN WILLIAMS, *et al.*, | ) | |
|     Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

    This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate who, at the time of filing, was confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Defendants are correctional officers and a warden at the Allred Unit. Plaintiff claims that the correctional officers failed to protect him from an attack by another inmate and failed to intervene on his behalf during the attack. Complaint ¶ V. He seeks redress against the warden for failing to properly train the officers to protect him from the attack. *Id.* Plaintiff seeks monetary damages and injunctive relief. *Id.* at ¶ VI.

    To establish a civil rights claim against a prison official for failure-to-protect, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Deliberate indifference" is a subjective standard which occurs only where a prison official knows of and disregards a substantial risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837. Deliberate indifference thus requires that "the [offending] official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Neals*, 59 F.3d at 533 (quoting *Farmer*, 511 U.S. at 837).

Plaintiff alleges that the officers neglected to secure the recreation yard gate which allowed his assailant to enter the area, gain control of an officer's "bean tool," and use it to beat Plaintiff causing severe injuries.[1] Specifically, Plaintiff claims that he was in handcuffs and being escorted by Officer Trassell when an inmate name E. Bragger snuck up on them, grabbed Trassell's bean tool from his belt harness, and used it to severely beat Plaintiff. Plaintiff's Answer to the Court's Question No. 3 (*See* Plaintiff's Diagram). Plaintiff states that Trassell attempted to use his pepper spray on Bragger but had the container pointed the wrong direction and accidentally sprayed himself leaving him unable to see what was happening. Plaintiff's Answer to the Court's Supplemental Question No. 5. Plaintiff also states that another inmate told him that Bragger struck Officer Trassell a few times with the bean tool. *Id.* at No. 4. Plaintiff claims that Trassell panicked, ran to a locked door, and began beating on the door and screaming for help. Plaintiff's Answer to the Court's Question No. 3 (*See* Plaintiff's Diagram).

The attack lasted about three minutes and ended when Plaintiff kicked his assailant in the groin, causing him to drop the bean tool. Plaintiff's Answer to the Court's Supplemental Question No. 4. Right after the attack ended, "a deployment of many officers came running in to render aid." *Id.* Plaintiff was transported to the United Regional Intensive Care Unit in Wichita County for medical treatment. *Id.*

---

[1] A "bean tool" is a metal rod, approximately 18 inches long, used to open a spring-loaded metal slot on a prison cell door so that food may be passed to the inmate in the cell. *See* Plaintiff's Answers to the Court's Supplemental Questions at pp. 12-13.

Plaintiff seeks to hold Defendant Wheeler liable for failure to check and secure the recreation yard doors, for failing to follow proper escort procedures, and for failing to render aid to Plaintiff and to Officer Trassell during the attack. Plaintiff's Answer to the Court's Questions No. 5. However, Plaintiff concedes that Wheeler was inside the cell block and not in the recreation yard when the attack took place. Plaintiff's Answer to the Court's Supplemental Questions No. 5. Plaintiff seeks to hold Defendant Madison liable for failing to control the recreation yard area by firing his gas gun or a chemical agent from the gun post security walk. *Id.* at No. 4.

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which could indicate that Defendants were deliberately indifferent to his need for protection from inmate Bragger. Plaintiff concedes that, prior to the attack, none of the Defendants were aware of a risk that Bragger might attack him. Plaintiff's Answers to the Court's Question No. 14. Plaintiff concedes that, prior to the attack, even he was not aware of the risk of assault by Bragger. Plaintiff's Answer to the Court's Question No. 13. Plaintiff has failed to set forth facts which could demonstrate that Defendants were aware of and disregarded a substantial risk of harm to Plaintiff. The attack on Plaintiff was spontaneous and without any prior warning. Therefore, the Defendants cannot be held liable for failing to protect Plaintiff.

Plaintiff Chavez seeks to hold Warden Williams liable for failing to train his subordinates to handle a situation such as Plaintiff's and for the simple reason that Williams is the Warden and therefore responsible for his subordinates. Complaint ¶ V; Plaintiff's Answer to the Court's Question No. 2. Warden Williams cannot be held responsible for the alleged acts or omissions of his subordinates because here is no *respondeat superior* or vicarious liability in the context of a § 1983 claim. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Plaintiff has offered no facts which could indicate that Williams failed to properly supervise or train his subordinates. *See* Plaintiff's Answers to the Court's Questions No. 2 & 9-11. His claims in that regard are conclusory. *Id.* A plaintiff cannot make generalized allegations, nor can he support a claim based on any theory of vicarious liability. *Howard v. Fortenberry*, 723 F.2d 1206, 1209 (5th Cir.), vacated in part on denial of rehearing, 728 F.2d 712 (5th Cir. 1984). There must be an affirmative link between the incident and some act by the defendant. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976). Plaintiff has not stated facts which could demonstrate any such link between acts of Williams and the alleged actions by the guards. *See* Plaintiff's Answer to the Court's Question No. 2. Conclusory allegations, such as those lodged against Williams by Plaintiff, are insufficient to state a cognizable claim under the Civil Rights Act. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim

under §§1983). Plaintiff's subjective belief that Williams failed to properly train his officers, without more, is insufficient to maintain a claim against Williams.

To the extent that Plaintiff seeks redress against Defendants for failing to intervene once the attack began, he cannot prevail. While it is unfortunate that inmates sometimes attack each other in prison, "[n]o rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence." *Longoria v. Texas*, 473 F.3d 586, 593-94 (5th Cir. 2006); *see Rios v. Scott*, 100 Fed. Appx. 270, 2004 WL 1240508 (5th Cir. 2004) (guard armed with only a baton who ran for help rather than intervene when an inmate was stabbed was entitled to qualified immunity from suit). Officer Trassell, the guard escorting Plaintiff when he was attacked, acted reasonably in attempting to discharge pepper spray and then running for help rather than face an inmate wielding a bean tool.

The Court finds that the facts alleged by Plaintiff, taken as true, fail to show that any Defendant could be held liable under the Civil Rights Act. Moreover, Plaintiff was afforded the opportunity, but has failed to state facts which could overcome the defense of qualified immunity. *See* Plaintiff's Answer to the Court's Supplemental Question No. 5. Plaintiff states that, approximately 3 minutes after the attack began, "a deployment of many officers came running in to render aid." The Court finds such action on the part of prison officials reasonable under the circumstances.

A district court may dismiss a complaint filed by an inmate if it determines that the action is frivolous. 28 U.S.C. § 1915A(b)(1). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53

(5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The claims set forth in the case at bar have no arguable basis under federal law.

For the foregoing reasons, it is ORDERED that Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

SO ORDERED this 25th day of September, 2012.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**